UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Phoebe Lee,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>John Does #1-3,<br><br>　　　　　　Defendants. | CASE NO. 2:23-cv-02008<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPIDITED DISCOVERY |

　　　　Before the Court is Plaintiff's *ex parte* Motion for Expedited Discovery.  Dkt. # 4.  Plaintiff alleges that three unknown actors, John Does # 1–3, defrauded her and "scammed and misappropriated" her cryptocurrency.  Dkt. # 3 at 1.  Plaintiff says she does not know the identities of the people who allegedly defrauded her.  Dkt. # 4 at 4.  Plaintiff says she hired a cryptocurrency investigator, who traced her money to multiple accounts at two cryptocurrency exchange platforms, Binance and OKX.  *Id.*  According to Plaintiff, the investigator was unable to discover the names or contact information of the owners of the identified accounts.  *Id.* at 5, 10.  Plaintiff now seeks an order for expedited discovery to subpoena Binance and OKX, who are not parties to this case, to learn the identities of the John Does to serve them with process.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPIDITED DISCOVERY - 1

For the reasons laid out below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

A court may authorize expedited discovery before the parties have conferred under Rule 26(f) when "the moving party demonstrate[s] that 'good cause' exists to deviate from the standard pretrial schedule." *Amazon.com, Inc. v. Yong*, No. 21-cv-170, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021). "Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, No. 14-cv-621, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980))).

Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Amazon.com, Inc. v. XFYF*, No. 22-cv-841, 2022 WL 16856964, at *1 (W.D. Wash. Oct. 21, 2022) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Diligence and the intent of the moving party are the most important factors. *Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1.

Plaintiff has apparently diligently sought to discover the identities of Does #1–3 by hiring a cryptocurrency investigator, who identified specific accounts to which her money was transferred. Dkt. # 4 at 10. The identities of the individuals who control these accounts is not

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPIDITED DISCOVERY - 2

public knowledge, so without expedited discovery Plaintiff will be unable to learn the identities of Does # 1–3 and will lose any opportunity to recover from the alleged fraud.

Plaintiff's request for the names and contact information of the account holders that Plaintiff's investigator has identified is narrowly tailored to seek only the information relevant at this early stage of litigation—the identities of Does #1–3.  *See Amazon.com Inc. v. Kitsenka*, No. 22-cv-1574, 2023 WL 3902911, at *3 (W.D. Wash. May 22, 2023) (finding "good cause" where the Plaintiffs sought information from bank accounts "for the purpose of identifying the individuals connected to those accounts").

But Plaintiff's request for information beyond the identities and contact information of the account holders is overbroad at this stage of litigation.  *See* Sections 2–6 of the proposed subpoenas, Dkt # 4 at 16, 20.  Plaintiff argues that she needs this information to prevent Defendants from transferring the money to an unreachable account, and thus losing access to her money forever.  Dkt. #4 at 6.  While this is an important interest, at this early stage of the litigation the potential harm to Defendants of exposing all their account balances, other information, and communications with OKX and Binance outweighs the risk of loss to Plaintiff. The factors may weigh in favor of expedited discovery after Defendants have responded to the complaint.

The Court GRANTS IN PART Plaintiff's motion, permitting discovery on the identities of the account owners and their contact information, including addresses, telephone numbers and any other identifying details, as well as any other individuals associated with the accounts (as laid out in Section 1 of the Subpoena Rider, Dkt # 4 at 16, 20).  The Court DENIES IN PART Plaintiff's motion as it pertains to seeking expedited discovery of 1) documents regarding funding sources into and out of the accounts, 2) transaction logs of the accounts, 3) internal documents from OKX and Binance pertaining to the accounts, 4) communications between the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPIDITED DISCOVERY - 3

OKX and Binance and the account holders, and 5) communications between OKX and Binance and third parties (as laid out in Sections 2–6 of the Subpoena Rider, Dkt # 4 at 16, 20).

Dated this 10th day of January, 2024.

*John H. Chun*

John H. Chun
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPIDITED DISCOVERY - 4